IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00077-LTB

STEPHEN L. RUSH, and
HANS WEISENREDER,

      Plaintiffs,

v.

UNITED STATES, et al.,

      Defendants.

---

ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

---

On April 7, 2014, Plaintiffs submitted *pro se* a document entitled "Non-Committing Action for Civil Contempt Order to Enforce Will of the People" (ECF No. 9). Although not entirely clear, Plaintiffs apparently object to the Order of Dismissal (ECF No. 7) and the Judgement (ECF No. 8) entered by the district judge on March 26, 2014.

The Court must construe the document liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will construe the document as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Therefore, because the Motion was filed on April 7, 2014, and the dismissal was entered on March 26, 2014, the Court construes the Motion filed pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *Id.*

The Court dismissed the instant action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs failed to cure the deficiencies as directed.  (*See* ECF No. 7).  Specifically, Plaintiffs failed to fully complete and submit their own signed and notarized motion and affidavit providing their own individual information as to each Plaintiff's financial status in order to proceed without prepayment of fees.  Despite the fact that Plaintiffs were given at least two opportunities to submit the required documentation to proceed *in forma pauperis*, Plaintiffs failed to cure the deficiencies and failed to respond in any way to the Court's minute order entered

February 12, 2014, which provided Plaintiffs with a final opportunity to submit the required forms.

In the motion to alter or amend the judgment, Plaintiffs initially assert that the Court improperly denied Plaintiffs' requests for electronic filing. (*See* ECF No. 9 at 1-2). Plaintiffs also argue that they were unable to submit notarized motions and affidavits on the Court-approved form without "extreme cost to themselves." (*Id.* at 2). Plaintiffs argue that the dismissal was improper because "[f]ederal law prohibits the rejection of a case on the grounds that it conform to desired format of the court." (*Id.*).

After review of the Motion and the entire file, the Court concludes that Plaintiffs fail to demonstrate some reason why the Court should alter or amend the March 26 Order of Dismissal and Judgment in this action. First, Local Rule 5.1(c) of the Local Rules of Practice for this Court require unrepresented litigants to use the Court-approved forms and procedures found on the Court's website. *See* D.C.COLO.LCivR 5.1(c). Moreover, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights);

*Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).  Thus, Plaintiffs' argument that they are not required to use the Court-approved form for seeking leave to proceed without prepayment of fees, which had to be notarized, is without merit.

Second, Plaintiffs' failure to submit notarized § 1915 motions and affidavits was not the sole reason that the action was dismissed.  Each Plaintiff also failed to submit a separate motion and affidavit.  The Court's instructions posted on its website provide that "[i]f there is more than one plaintiff in the civil suit, each plaintiff must complete and submit a separate motion and affidavit seeking leave to proceed without prepayment of fees."  The Court reminded Plaintiffs of this requirement in its January 14, 2014 Order to Cure and February 12, 2014 Minute Order.  Plaintiffs, however, did not comply.

4

Instead, Plaintiff Weisenreder submitted a signed and notarized § 1915 motion and affidavit containing the financial data and information of Plaintiff Rush. (*See* ECF Nos. 3 and 5). And Plaintiff Rush failed to submit a notarized § 1915 motion and affidavit that provided complete financial information from his last employer. (*See* ECF No. 3). Thus, both § 1915 motions and affidavits were improper.

Finally, Plaintiffs contend that they were denied access to electronic filing (ECF). Plaintiffs, however, do not allege that they attempted to follow the Court's electronic case filing procedures for pro se litigants. According to Local Rule 5.1(b), unrepresented parties must file their documents in paper until ECF e-filing privileges are authorized, which requires approval and completion of ECF training, among other things. *See* D.C.COLO.LCivR 5.1(b)(3). Plaintiffs do not allege that they took any of the necessary steps to acquire ECF e-filing privileges. Accordingly, Plaintiffs were required to submit their documents in paper.

For these reasons, the motion to alter or amend the judgment will be denied. The Court dismissed the instant action without prejudice, however. Therefore, if Plaintiffs wish to pursue their claims, they may do so by filing a new action. Moreover, the Court has adopted a modified Application to Proceed in District Court Without Prepaying of Fees or Costs form which does not have to be notarized but, instead, is signed under penalty of perjury. Plaintiffs are reminded that each plaintiff in a civil suit is required to submit a separate application seeking leave to proceed *in forma pauperis.* Accordingly, it is

5

ORDERED that the document titled "Non-Committing Action for Civil Contempt Order to Enforce Will of the People" (ECF No. 9) that Plaintiffs filed *pro se* on April 7, 2014, is construed as a motion filed pursuant to Fed. R. Civ. P. 59(e) and is DENIED.

DATED at Denver, Colorado, this  23rd  day of    April         , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court